The Chief Justice
delivered the opinion.
This was an action of indebitatus assumpsit, brought by Thomas C. and George Howard, against Jarman, for goads sold and delivered by the former to the latter.
On the trial of the general issue, it appeared that a great part of the goods, lor the price of which tbe action was brought, had been sold to the defendant while tbe plaintiffs were in partnership with Howard Williams, and (hat (he residue had been sold by the plaintiffs themselves after tbe dissolution of their partnership with Williams. And the plaintiffs proved, that by the terms of the dissolution of the partnership with Williams, they became entitled to alt tbe *384 goods on band and debts due said firm, and that the sains wa* known to the defendant previous to the 12th day of January preceding the commencement of the suit; on which day the plaintiffs called on the defendant for payment, and that he did, at that time, admit the justice of the demand, and promised to pay the same, hut had uol tbs money, and offered to give his bond for the amount to the plaintiffs, payable in two mouths; hut the plaintiffs refused to give so long a day for payment, and no bond was taken. This being all the evidence, the defendant moved the court to instruct the jury as in case of a nonsuit; but the court overruled the motion. The defendant then moved the court to instruct the jury, that so much of the account as was contracted with the plaintiffs and Williams, was not assignable so as to authorise a recovery in the name of the plaintiffs; which instruction the court gave; and at the instance of the plaintiffs, further instructed the jury, that if the defendant, after the dissolution of the partnership between the plaintiffs and Williams, had, with a full knowledge of that fact, assumed to pay to the plaintiffs the a-mouot of the account, they could maintain the action in their name.
An instruction as in case of a nonsu t can rightfully be given only where a pl’tf wholly fails to support his de-mandas laid: a partial failure does rot justify sued instruction
A parol promise or promise implied fcy law, is not assignable,— and if such promise be made to three and one trails fers his interest to (lie other two, til o’ the deft. with complete knowledge of the fací, promise to pay the two, >et all three must join in the action.
To the several opinions given against the defendant, he excepted, and a verdict and judgment having bsen rendered against him, he has brought the case to this court by writ of error.
The circuit court was no doubt correct in refusing to instruct the jury as in case of a nonsuit; for as a part of the goods was sold by the plaintiffs themselves, after a dissolution of their partnership with Williams, they hada clear right to sustain the action for so much in their own names; and it is only where there is an entire failure to provea right of aclion in accordance with that alleged in the declaration, that instruction as in case of a nonsuit can be rightfully given. But we cannot concur with the circuit court in the opinion, that if the defendant, after the dissolution of the partnership with the plaintiffs and Williams, had, with a full knowledge of that fact, promised to pay the amount of the debt due to the firm to the plaintiff’s, they could maintain the action therefor in their name.
It is a settled rule, that where a contract is made with several, whose interest is joint, they must ail join in an action upon such contract; and consequently Williams, being one of the firm with whom the debt was contracted, it *385 Stras necessary that be should have joined iu an action dp-oh (he contract, as originally made. This right of action he hould not assign to the plaintiffs so as to authorise an action in their names alone, as was correctly decided by the -circuit court; for the debt, being due by parol Vd'y. is not made assignable bv the laws of this country: nor could the promise of the defendant, after the dissolurion of the part-oorship, to pay the debt to the plaintiffs, give to them a right to sue in their own names alone, upon the original contract. Such a promise, if made upon a sufficient cob-sideration, as a forbearance of rent, or a release of the ori ginal contract, might authorise an action in the name of the plaintiffs; but in such case they would be bound to bring their action upon the promise so made, and the consideration should be alleged and'proven. But in this cáse there is no consideration alleged or proven, on which the promise of the defendant to pay the debt to tile plaintiffs, was founded; nor is tbe action based upon that promise, but upon the promise implied bv law on the sale and delivery of ‘ tbe goods.
to pay to the two, might ^ ,S°od> d* valid etntider tion, as forbearance, tion ,r> the name of the should be based onsuch not on ^end riginalprom* ⅛ and the leged and proven.
. Crittenden for plaintiffs, Hardin for defendant in error,
The judgment must be reversed with Costs, and the cause remmided to the circuit court, that the verdict may be set. aside, and other proceedings had, not inconsistent with this Opinion. ' . , ,.